The judgment of the court was pronounced by
Rost, J.
The plaintiff alleges that the defendant has erected on the side line of her plantation adjoining her (the said plaintiff’s land) a levee which obstructs her natural drains, and causes the rain water to overflow her land; she prays for damages, and that the levee be removed at the defendant’s expense.
The defendant has answered by a general denial; and has further alleged that what the plaintiff claims as a natural drain is a pond surrounded on all sides by high land. That in this pond, and between the plaintiff’s and defendant’s land, there is an elevation which arrests the natural flow of the water, and that the plaintiff has no right to drain ponds and other low places in her field across the defendant’s land, particularly when they can be more easily drained at other *591 points. She prays for damages, and for a trial by jury. On this issue the case was tried before a jury, who found for the plaintiff one hundred dollars damages, and that the defendant be compelled to remove the obstructions. The defendant having failed in her application for a new trial, judgment was rendered against her, and she appealed. Her case has been argued in writing in a manner highly creditable to her counsel and satisfactory to the court; but we are of opinion, that nothing has been shown which would justify our interference with the verdict in a case so peculiarly within the province of the jury.
Previous to the year 1840, the land of the plaintiff and of the defendant formed but one tract, and belonged to Antoine Nézat, who cut through the centre of the pond mentioned in the pleadings a canal, which he extended through the high land beyond the defendants land, so as to drain said pond; he then cut upon the land owned by the plaintiff the ditches which now exist, for the purpose of draining it through this canal over the land now owned by'the defendant. In 1840, he sold the land thus drained to the defendant, who continued the same system of drainage, and cut an additional drain from a point of the land now owned by the plaintiff, to the Little Téche.
In 1847, the defendant, being still largely indebted for the land to her vendor, gave him in payment that portion of it which the plaintiff holds. This giving in payment was made without any reservation as to drainage. The destination of the canal by the former owner to the draining of the entire tract is equal to a title, and as the act of transfer of the property is silent respecting that servitude, it continues to exist in favor of the plaintiff’s and against the defendant’s land. C. C. 763 and 765. The plaintiff, however, should not render that servitude more onerous, either by his act or by his omission, and the defendant has the right to require that the drain into the Little Téche be kept open.
The judgment is affirmed, with costs.